FILED
SUPERIOR COURT
OF GUAM

2012 JUL -2 AM 9: 02

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

KIKUKO R. NGIRAINGAS

               Plaintiff,

         vs.

JOHN KENNEDY BURKE and
JOHN K. BURKE, Trustee OF THE JOHN
KENNEDY BURKE LIVING TRUST,

               Defendants.

) CIVIL CASE NO. CV1980-11
)
)
)
)
) DECISION AND ORDER
) (Motion to Dismiss)
)
)
)
)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 9, 2012, for a motion hearing on Defendant's Motion to Dismiss. Attorney F. Randall Cunliffe appeared on behalf of Kikuko R. Ngiraingas ("Plaintiff"). Attorney Elyze McDonald Iriarte appeared on behalf of John Kennedy Burke and John K. Burke, Trustee of the John Kennedy Burke Living Trust ("Defendants"). The Court took the matter under advisement. Upon review of the evidence, written and oral arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

Plaintiff filed a Complaint for Cancellation of Deed on December 29, 2011. Plaintiff alleges that Defendants perpetrated a fraud upon Plaintiff, knowing that she could not read,

Kikuko R. Ngiraingas v. John Kennedy Burke and John K. Burke, Trustee of THE JOHN KENNEDY BURKE LIVING TRUST
Decision and Order – Motion to Dismiss
Page 1 of 6

write, speak or understand the English language, having her sign a Deed written in English without any translation or explanation of what she was signing. Complaint (Dec. 29, 2011) at ¶ 26. Plaintiff contends of having no idea that Defendant had prepared documents to transfer property from herself to the Trust for her to execute. *Id.* at ¶ 25. Furthermore, Plaintiff alleges that Defendant intended to perpetrate this fraud on Plaintiff in order to obtain a home for the minimal price of $48,000.00, knowing that the home had a significantly higher value. *Id.* at ¶ 27. In view of these allegations, Plaintiff's prayer for relief requests, inter alia, that "the Warranty Deed recorded by Defendant Trust on or about April 30, 2002, under Document No. 656031 be delivered up and cancelled and it be declared null and void and of no legal effect." *Id.* at 6.

Summons was issued on January 4, 2012, advising Defendants to answer to the Complaint within thirty (30) days after service. Thereafter, Defendants filed the instant motion on March 19, 2012, moving to dismiss the Complaint. Def's Motion to Dismiss (Mar. 19, 2012). Plaintiff filed an Opposition to Defendant's Motion to Dismiss on April 27, 2012. Likewise, a Stipulation to Extend Time to File Plaintiff's Opposition and Defendant's Reply was filed with the Court on May 4, 2012. On May 7, 2012, Defendants filed a Reply to Plaintiff's Opposition to Motion to Dismiss.

The Court heard the matter on May 9, 2012, and now issues this Decision and Order.

## DISCUSSION

### Applicable Statute of Limitations for a Fraud Claim

Defendant moves the Court to dismiss Plaintiff's Complaint pursuant to Guam Rules of Civil Procedure 9 and 12. More specifically, Defendant argues that Plaintiff's claims are barred by the applicable statute of limitations and must be dismissed, considering the alleged fraud

Kikuko R. Ngiraingas v. John Kennedy Burke and John K. Burke, Trustee of THE JOHN KENNEDY BURKE LIVING TRUST
Decision and Order – Motion to Dismiss
Page 2 of 6

occurred ten years ago. Def's Motion to Dismiss (Mar. 19, 2012). In addition, Defendant argues that Plaintiff has failed to plead all elements of fraud with particularity and that Plaintiff has failed to allege that she justifiably relied on Defendant's oral representation that he was paying off her mortgage. *Id.*

The Supreme Court of Guam set forth "[that] [t]hree statute of limitations may be pertinent in determining whether [a] fraud claim is time barred on its face." *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 30. "The first is 21 GCA §29146, which is nearly identical to 7 GCA § 11204 and states:

> [n]o person shall commence any action at law or in equity for the recovery of land, or assert any interest or right in or lien or demand upon the same, or make entry thereon adversely to the title of interest certified in the certificate of title bringing the land under the operation of this Law after one (1) year following the first registration, providing said first registration is not void for any of the reasons set forth in 21 GCA 29139. *Id.*

"Title 21 GCA § 29139 provides only two exceptions to this one year statute of limitations, that is, '[i]f a deed or other instrument is registered, which is forged or executed by a person under legal disability, such registration shall be void,' the only exception being against a bona fide purchaser for value. 21 GCA § 29139 (2005)." *Id.* "The second relevant statute of limitations is a three year limit on actions for fraud or mistake provided that '[t]he cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.' 7 GCA § 11305(4) (2005)." *Id.* "Finally, no action can proceed for recovery or possession of real property 'unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action.' 7 GCA § 11205 (2005)." *Id.*

In review of the three statute of limitations enumerated by the Supreme Court of Guam, the Court finds that Plaintiff's fraud claim is subject only to the statute of limitations for fraud

Kikuko R. Ngiraingas v. John Kennedy Burke and John K. Burke, Trustee of THE JOHN KENNEDY BURKE LIVING TRUST
Decision and Order – Motion to Dismiss
Page 3 of 6

found in 7 GCA § 11305(4). As articulated above, the statute of limitations does not begin to accrue until the discovery by the aggrieved party of the facts constituting the fraud or mistake. Plaintiff argues that she was only made aware of a recorded deed indicating that the property in question had been transferred to Defendant on or about July 23, 2011. Pl's Opp'n Mot. (Apr. 27, 2012). However, Defendant refutes that argument citing to *Taitano*, 2008 Guam 12 ¶ 51, wherein the high Court found that the plaintiffs did not plead why they were unable to discover the 90 year-old deed, and that dismissal was appropriate. Def's. Mot. Dismiss (Mar. 19, 2012). Plaintiff responds arguing that she thought she signed some documents regarding a loan in 2002 and that she had quiet enjoyment of the home until the summer of 2011. Pl's Opp'n Mot. (Apr. 27, 2012).

Plaintiff argues that she "was living in the house and had no reason to be looking for any deeds or other documents in an attempt to discover the alleged fraud." *Id.* The Court concludes that Plaintiff was not aware of any fraud until a time on or about July 23, 2011. Accordingly, Plaintiff is still within the statute of limitations to bring a cause of action for fraud or mistake pursuant to 7 GCA § 11305(4).

**Fraud Pleading Requirement**

Defendant also argues that Plaintiff has failed to plead all elements of fraud with particularity. Def's. Mot. Dismiss (Mar. 19, 2012). Conversely, Plaintiff maintains that the allegations of fraud are sufficient. Moreover, Plaintiff cites to ¶¶ 20 and 21 of the Complaint that the deed which she signed was recorded on the 30th day of April, 2002, and that the document had been signed in April of 2002. Plaintiff concluded that "[i]f the [C]ourt determines that Plaintiff has not properly pled these matters, then the [C]ourt should give leave to Plaintiff to amend her [C]omplaint. *Taitano*, 2008 Guam 12 ¶ 9. Defendant in reply to

Kikuko R. Ngiraingas v. John Kennedy Burke and John K. Burke, Trustee of THE JOHN KENNEDY BURKE LIVING TRUST
Decision and Order – Motion to Dismiss
Page 4 of 6

Plaintiff's opposition asserts that "[p]aragraphs 20 and 21 may be relevant as to when Plaintiff gained actual knowledge of the alleged fraud, but have no relevance as to the element of when the fraud occurred.

Guam Rules of Civil Procedure 9 provides:

(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

Guam R. Civ. P. 9(b).

The Supreme Court of Guam instructed in *Taitano* "that a plaintiff need not prove his claim of fraud at the pleadings stage. Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Taitano v. Calvo Finance Co.*, 2008 Guam 12 ¶ 16 (citing *Bly-Magee v. Cal.*, 236 F.3d 666, 1019 (9th Cir. 1989). With respect to fraud, the elements are: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Taitano*, 2008 Guam 12 ¶ 12.

In the Court's review of the instant case, Plaintiff alleges that "Defendants perpetrated a fraud upon Plaintiff, knowing that she could not read, write, speak or understand the English language, having her sing a Deed written in English without any translation or explanation of what she was signing." Pl's Complaint (Dec. 29, 2011). Additionally, Plaintiff alleges that "Defendants intended to perpetrate this fraud on Plaintiff in order to obtain a home for the minimal price of $48,000.00, knowing that the home had a significantly higher fair market value. *Id.* Plaintiff sets forth her claim with sufficient detail to provide notice to Defendants as to what particular fraudulent action is being alleged. Accordingly, the Court finds that Plaintiff satisfies the legal standard for pleading fraud with particularity.

Kikuko R. Ngiraingas v. John Kennedy Burke and John K. Burke, Trustee of THE JOHN KENNEDY BURKE LIVING TRUST
Decision and Order – Motion to Dismiss
Page 5 of 6

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.

**SO ORDERED** this __2__ day of ___July___, 2012.

A Further Proceedings is set for July 25, 2012, at 9 a.m.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUL 02 2012

Amando D. Quitoriano
Deputy Clerk, Superior Court of Guam

Kikuko R. Ngiraingas v. John Kennedy Burke and John K. Burke, Trustee of THE JOHN KENNEDY BURKE LIVING TRUST
Decision and Order – Motion to Dismiss